IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN VAZQUEZ-REYES, LYDIA IVONNE ORTIZ-HUERTAS, and their conjugal partnership<br><br>Plaintiff<br><br>vs<br><br>GC&E SYSTEMS GROUP INC.; JUSTIN E. GEHRKE, by himself and in representation of his conjugal partnership with JANE DOE<br><br>Defendants | CIVIL 12-1313CCC |

**OPINION AND ORDER**

This action was originally filed by principal plaintiff Iván Vázquez-Reyes as well as his spouse and the conjugal partnership on April 13, 2012 before the Court of First Instance of Puerto Rico, Bayamón Part, against GC&E Systems Group and individual defendant Justin E. Gehrke (docket entry 15-1). It was removed by the latter on May 8, 2012. Mr. Gehrke stated in the Notice of Removal that he is chief of the Information Assurance Division at Fort Buchanan and that this action was filed against him in his official capacity as an employee of the Department of the Army. On July 5, 2012, Gehrke filed a Motion to Dismiss (**docket entry 17**) and a supporting memorandum of law opposed by plaintiffs at docket entry 19, to which movant filed an authorized reply (docket entry 22) and plaintiffs a surreply (docket entry 23).[1]

Plaintiffs described the nature of their action as "discrimination based on age, disability and retaliation." The complaint alleges that Vázquez, who was employed by GC&E Systems Group and had undergone back surgery on April 10, 2010, discussed with defendant Gehrke access problems to the new building where the business had relocated approximately one month after his surgery. He further alleges that he made the

---

[1]Plaintiffs did not previously seek permission to file a surreply. It is now authorized; however, plaintiffs Iván Vázquez-Reyes and Lydia I. Ortiz-Huertas are admonished that, in the future, they must seek authorization to file any reply or surreply.

CIVIL 12-1313CCC                                    2

same parking accommodation request from his supervisor and also requested an orthopedic

chair.   At paragraph 20, Vázquez states that he submitted a complaint to the EEO

representative at Fort Buchanan which only resulted in obtaining a closer parking space.

Plaintiff Vázquez made his supervisor and defendant Gehrke privy to the EEO action,

thereby triggering what he calls a pattern of persecution by both against him.  Specifically

as to Gehrke, he alleges at paragraph 22, that subsequent to his EEO complaint Gehrke

started to harass him by assigning an additional workload.  He then refers to a 90 percent

assignment of work to him as the next act of reprisal, without specifically imputing liability

to Gehrke, except to say that he had complained to him about the impact of the workload

upon him.  The remaining allegations against Gehrke are that when plaintiff Vázquez was

absent from work he would call to inquire the reasons for his absence and the date when

he would return to work; that on May 2011 Gehrke rudely called to inquire why Vázquez had

left work; that the following Tuesday he was relocated from his workstation, without work

assignments; that access privileges were taken away and he was prohibited from relating

in any manner with Gehrke.  This notwithstanding it is alleged at paragraphs 33 and 34 that

Gehrke sent him a text related to his work, instructing him to address work-related matters

to him.  Plaintiff Vázquez replied that pursuant to his employer's instructions he was barred

from contacting Gehrke.  At paragraph 34 he blames Gehrke for taking this message to his

supervisor which resulted in his being terminated.  In passing, a brief allegation is made as

to his work being assigned to a male who is less than 40 years old.  At paragraph 38 plaintiff

alleges that the defendants, including Gehrke, committed tortious acts.  At paragraph 39,

he alleges that he filed a claim before the EEOC, that he was granted leave to sue and was

terminated, without cause and in retaliation for the claim he had filed regarding his work

environment and for denouncing that there were no facilities for the disabled at a federal

workplace.

CIVIL 12-1313CCC                                    3

Having carefully examined the complaint filed before the local Court (docket entry 15-1), the Court concludes that it contains no factual allegations that state a claim against defendant Justin E. Gehrke.  Defendant Gehrke is correct in his representation that the allegations refer to actions taken by him within the scope of his employment as a government employee.  Any claim for injury arising from the negligent or wrongful acts of any employee of the Government while acting within the scope of his employment must be brought, pursuant to 28 U.S.C. 2679(b)(1), against the United States which is the only proper defendant in an action under the Federal Court Claims Act.   28 U.S.C. 1346(b).

For the reasons stated, the action brought against defendant Justin E. Gehrke as an employee of the federal government for negligent or wrongful conduct while acting during the scope of his employment is DISMISSED.  Plaintiffs having chosen the Commonwealth judicial forum to bring their lawsuit against codefendants Gehrke and GC&E Systems Group Inc., and this Court having dismissed the complaint filed against the defendant (Gehrke) who removed it to this forum, and further considering that the unlawful discrimination, disability and retaliation claims against remaining defendant GC&E Systems Group Inc. filed before the Superior Court of Bayamón are actionable under the laws of the Commonwealth of Puerto Rico, the case against defendant GC&E Systems Group Inc. is REMANDED to that court.

SO ORDERED.

At San Juan, Puerto Rico, on February 26, 2013.


S/CARMEN CONSUELO CEREZO
United States District Judge